PROSKAUER ROSE LLP
MICHAEL A. FIRESTEIN (SBN 110622)
    mfirestein@proskauer.com
SHAWN S. LEDINGHAM, JR. (SBN 275268)
    sledingham@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA  90067-3010
Telephone:    310-557-2900
Facsimile:    310-557-2193

*Attorneys for Defendant IIRR Management Services, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>REALTYSHARES, INC.,<br>Debtor<br><br>----------------------------------------------<br><br>E. LYNN SCHOENMANN, Trustee of the Bankruptcy Estate of RealtyShares, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>RS LENDING, INC.; REALTYSHARES SECURITIES, LLC; and IIRR MANAGEMENT SERVICES, LLC,<br><br>Defendants | Adversary Proceeding No. 21-03066-DM<br>(Bankruptcy No. 20-30621-DM)<br><br>Chapter 7<br><br>**DEFENDANT IIRR MANAGEMENT SERVICES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENTS AGAINST RS LENDING, INC. AND REALTYSHARES SECURITIES, LLC**<br><br>Hearing Date:  February 18, 2022<br>Time:  10:30 a.m. |

# I. INTRODUCTION

Plaintiff's motion violates the rule, articulated by the Supreme Court 150 years ago, that the "true mode of proceeding where a [complaint] makes a joint charge against several defendants, and one of them makes default, is simply to enter a default," but not a default judgment. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). While the defaulting defendant may not participate further in the litigation of the case, "if the suit should be decided against the complainant on the merits, the [complaint] will be dismissed as to all the defendants alike—the defaulter as well as the others." *Id.* To enter default judgment against one defendant, while the case proceeds against another defendant, "would be incongruous and illegal." *Id.*

Plaintiff, as trustee of the Debtor in bankruptcy, RealtyShares, Inc. ("RealtyShares"), sued two of the Debtor's wholly owned subsidiaries, RS Lending, Inc. ("RS Lending") and RealtyShares Securities, LLC ("RS Securities"), alleging some undescribed debt of unidentified origin is owed to the Debtor from its subsidiaries. Compl. ¶¶ 13-14. Plaintiff also sued a third-party vendor of RealtyShares, IIRR Management Services, LLC ("IRM") on the same debt. Plaintiff does not allege IRM borrowed money from RealtyShares. Plaintiff instead claims that IRM is liable solely as an alleged successor to RealtyShares and its subsidiaries. Compl. ¶ 24.

IRM will be moving to dismiss the lawsuit[1] on several bases, including a failure to plead the elements of successor liability and that RealtyShares released IRM of all such indirect claims pursuant to the management services agreement between those companies. However, as relevant to the present Motion for Entry of Default Judgments (the "Motion"), IRM will also be moving to dismiss the lawsuit because Plaintiff failed to plead the elements of the underlying claims against RS Lending and RS Securities. It is black letter law, that if Plaintiff cannot state a claim directly

---

[1] IRM does not believe the claims against IRM or the subsidiaries are "core" as defined in 28 U.S.C. 157 and further states, as required by Local Rule 7012-1, that it does not consent to entry of a final order or judgment by the Bankruptcy Court. Even if the Court were to overrule the legal impediments to entry of a default judgment in this case (which IRM submits are dispositive and mandate denial of the Debtor's Motion), the Court would, at most, be limited to submitting proposed findings of fact and conclusions of law for *de novo* review by the district court. *See In re Harris Pine Mills*, 44 F.3d 1431, 1436 (9th Cir. 1995) ("In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court.").

against those subsidiaries, she cannot state a claim indirectly against IRM as an alleged successor to the subsidiaries.

Despite a suggestion to the contrary, Plaintiff's present Motion appears to be an attempt to foreclose IRM's ability to defend itself by challenging the underlying debt obligations. But doing so is contrary to the Supreme Court's opinion in *Frow* and the line of cases in this Circuit that have followed *Frow*.

To prevent that improper result, IRM files this opposition. IRM does so on its own behalf. IRM does not speak for RS Lending or RS Securities and has no stake in their financial well-being. Nor does IRM's counsel represent those entities. To the contrary, the Defendants against whom the Debtor seeks a default judgment are wholly-owned subsidiaries of the Debtor itself. *See, e.g.*, Compl. ¶ 3. IRM cannot address why the Debtor's subsidiaries failed to respond to the Complaint filed in the name of the Debtor. But, IRM has been forced to defend itself in this litigation by the allegations in the Complaint regarding successor liability. For that reason alone, IRM opposes the Motion, as it may lead to inconsistent judgments later in the case and could potentially affect IRM's ability to defend itself. *See generally IBEW Pac. Coast Pension Fund v. Harris Electric, Inc.*, No. C18-0181JLR, 2021 WL 308828 (W.D. Wash. Jan. 29, 2021) (denying motion for default judgment against alleged predecessor, based on opposition brief filed by alleged successor).

The law is clear. Because IRM's alleged liability (based on Plaintiff's theory) is premised on debts that only Defendants RS Lending and RS Securities are alleged to have undertaken, default judgment may not be entered against those Defendants while IRM remains in the case.

## II. ARGUMENT

### A. Default Judgment May Not Be Entered Against RS Lending and RS Securities, Because Plaintiff Seeks to Hold IRM Liable on the Same Alleged Obligations

Where a defaulting defendant is alleged to be jointly and severally liable with a defendant that has not defaulted, a default judgment should not be entered. *IBEW Pac. Coast*, 2021 WL 308828 at *2 ("Because IBEW alleges that Harris and Mackay are jointly and severally liable, the court denies its motion for default judgment against Harris."). Plaintiff's theory of the case

2

against IRM rests on two assertions of its joint and several liability with the Defendants in default:

- "As the successor to RS Lending, IIRR is <u>jointly and severally liable</u> for RS Lending's debts and obligations," Compl. ¶ 67 (emphasis added), and
- "As the successor to [RS] Securities, IIRR is <u>jointly and severally liable</u> for [RS] Securities' debts and obligations," Compl. ¶ 68 (emphasis added).

Accordingly, default judgment must not be entered against RS Lending or RS Securities.

As the Ninth Circuit explained: "The leading case on the subject of default judgments in actions involving multiple defendants is *Frow v. De La Vega*, . . . 82 U.S. 552 . . . (1872)." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). "The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Id.* (citing *Frow*, 82 U.S. at 554). The Ninth Circuit extends what it calls "the *Frow* principle" not only to cases where a non-defaulting defendant is alleged to be "jointly and severally liable" with a defendant in default, but also to any case where the "defendants . . . are similarly situated." *First T.D.*, 253 F.3d at 521-22. Where a court "violate[s] the *Frow* principle," it "abuse[s] its discretion in entering final default judgments." *Id.* at 521.

A recent decision in a case called *IBEW Pacific Coast Pension Fund v. Harris Electric, Inc.* demonstrates how the *Frow* principle operates when a plaintiff alleges successor liability. No. C18-0181JLR, 2021 WL 308828 (W.D. Wash. Jan. 29, 2021). In *IBEW Pacific Coast*, the plaintiff sued a company called Harris Electric for failure to make contributions to a pension fund on behalf of its employees, and the plaintiff also sued another company, Mackay Communications, claiming "that Mackay is liable as Harris's successor based on Mackay's purchase of certain Harris assets." *Id.* at *1. The alleged predecessor company defaulted in the action, but the court refused to enter default judgment for two independent reasons:

- The plaintiff in that case—like Plaintiff does here in paragraphs 67 and 68 of her Complaint—claimed it was seeking to hold the alleged successor "jointly and severally liable for [the alleged predecessor's] conduct. *Id.* at *2. *Frow* itself

prohibits the default judgment where liability is alleged to be joint and several. *Id.* (citing *Frow*, 82 U.S. at 554).

- Additionally, a defendant sued as an alleged successor is "similarly situated" to its alleged predecessor, because the alleged successor can both raise "defenses to successor liability" as well as "dispute[] . . . the underlying liability claims." *Id.* at *3. Thus a default judgment against the alleged predecessor would violate the Ninth Circuit's extension of the *Frow* principle to all cases where defendants are similarly situated. *Id.* (citing *First T.D.*, 253 F.3d at 532).

Notably, Plaintiff makes no mention in her Motion of either the Supreme Court's decision in *Frow* or the Ninth Circuit's decision in *First T.D.* These cases—and those that apply their principles, like *IBEW Pacific*—are fatal to Plaintiff's motion. Instead, as she does throughout her Motion, Plaintiff relies entirely on *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). *Shanghai Automation* did not overturn the Supreme Court's or the Ninth Circuit's precedent. It applied that precedent to the facts before it. In that case, the one defendant who had not defaulted (or at least had not defaulted yet) was alleged to be directly liable for his own conduct, including taking out some of the loans at issue in that case. *Id.* at 997-99 (allegations regarding defendant Matthew Tsai). Because that defendant's liability "turn[ed] on the facts proven with respect to his own conduct and involvement" in the underlying loans, the court held the claims against him could be severed from the claims of the other defendants. *Id.* at 1009. The court also decided it was relevant that Mr. Tsai was "unlikely to defend [the] suit" and would himself soon be in default, by virtue of his failure to appear at status conference, failure to respond to discovery, failure to respond to the motion for default judgment against his co-defendants, and his own personal bankruptcy. *Id.* at 1005, 1010. In the view of the magistrate judge who issued the *Shanghai Automation* report, this negated any concern that there would be differing judgments between Mr. Tsai and the defendants already in default. *Id.* at 1010

Neither of those critical facts is true here. IRM is not alleged to have borrowed money from RealtyShares itself. Its alleged liability is entirely derivative of—and turns on the validity of—the claims against the Debtor's subsidiaries. *See* Compl. ¶ 67-68. Nor is IRM "unlikely to

4

defend this suit." Unlike Mr. Tsai in *Shanghai Automation*, IRM is opposing the Motion for Default Judgment and IRM will also be timely filing a Motion to Dismiss next week.

Courts have consistently declined to follow *Shanghai Automation* where there is some nexus between the alleged liability of a defendant in default and the alleged liability of a defendant not in default. For example, the Eastern District of California held that default judgment was not appropriate where a claim against the non-defaulting defendant "is based upon the acts of" the defendant in default. *Eli Lilly and Company v. Gitmed*, No. 16-cv-00178-DAD, 2017 WL 1101827, at *8 (E.D. Cal. Mar. 23, 2017) (distinguishing *Shanghai Automation*).[2] Such is the case here—absent the alleged debt of RS Lending or RS Securities, Plaintiff would have no claim against IRM, <u>even if</u> IRM were their successor in interest. Thus the *Frow* principle requires denial of the Motion.

### B. IRM Has a Right to Challenge—and Intends to Challenge—the Underlying Claims Against RS Lending and RS Securities

In an attempt to avoid the clear prohibition against the requested default judgments, Plaintiff incorrectly asserts that IRM's "liability depends on whether it is found to be the successor to the other two defendants, not on whether the other two defendants owe RealtyShares, Inc. the sums they separately owe it." Not so. IRM can challenge both a) the Debtor's underlying claims against its subsidiaries and b) the Debtor's assertion that IRM is liable as a successor to those subsidiaries. *See IBEW Pac. Coast*, 2021 WL 308828 at *2-3 (denying motion for default judgment because alleged successor can challenge underlying claims). And to the extent the successor liability claims are not dismissed, IRM will defend itself on both grounds. If there is no claim against subsidiaries, there could be no liability against IRM.

More particularly, IRM intends to challenge the sufficiency of the pleadings in Plaintiff's Complaint regarding the debt allegedly owed by the Debtor's subsidiaries. Absent well-pled allegations of liability of the alleged predecessor, there is no basis to hold the alleged successor liable as a matter of law. *See K.R. v. G6 Hospitality, LLC*, No. 19-cv-08252-VC, 2020 WL

---

[2] *See also Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*, No. 15-cv-00797-JST, 2016 WL 5930289, at *11-13, 12 n.6 (N.D. Cal. Oct. 11, 2016) (refusing to follow *Shanghai Automation* where claim against one defendant "is dependent" on facts alleged against the other).

5

5653287, at *1 (N.D. Cal. Sept. 23, 2020) (dismissing claims against alleged successor in interest where complaint failed to state claims against alleged predecessor).

The deficiencies of the Complaint with regard to the underlying liability will be detailed in IRM's forthcoming Motion to Dismiss. For purposes of this opposition, it is sufficient to observe that there are no more than 12 lines in the Complaint setting forth the entirety of the factual allegations regarding the intercompany debt supposedly owed by RS Lending and RS Securities, respectively, to RealtyShares. Compl. ¶¶ 11-14. Plaintiff pleads no actual facts regarding the nature or origin of the alleged intercompany debt, or any other facts demonstrating the elements of the six counts against the Debtor's subsidiaries. Plaintiff asserts the claims instead with conclusory recitations of some, but not all, elements of the various causes of action. Such allegations are not enough to "survive a motion to dismiss." *See Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). And should the Court agree that the claims against RS Lending and RS Securities are not well-pled, those Defendants should be dismissed as well as IRM, default or not.[3] *See Falahati v. Kondo*, 127 Cal. App. 4th 823, 829 (2005) ("It is well established a default judgment cannot properly be based on a complaint which fails to state a cause of action against the party defaulted" (quotation punctuation omitted)).

Should this case survive IRM's motion to dismiss, IRM further intends to challenge the underlying debt on the merits. From Plaintiff's threadbare Motion, it appears she has no actual evidence of any underlying debt. No intercompany note or other agreement executed by RS Lending or RS Securities is attached to the Motion or either supporting declaration. Nor did Plaintiff's sole witness, Jay Crom, testify in his declaration that such an instrument even exists. Mr. Crom also fails to provide any explanation for the date, origin, purpose, or terms of the alleged intercompany debt and fails to address whether the debt was ever modified, forgiven, or waived. *See generally* Crom Decl. The sum total of Mr. Crom's testimony is that he looked at a 2018 general ledger that was provided to him and added up certain figures in that document. *See*

---

[3] The same would also be true if the case were not dismissed on the pleadings but IRM later obtained judgment in its favor on grounds relating to the underlying debt. "[I]n such case the defaulting defendant is entitled to have judgment in his favor along with the successful contesting defendant." *W. Heritage Ins. Co. v. Super. Ct.*, 199 Cal. App. 4th 1196, 1211 n.21 (2011).

*id.* at ¶¶ 11-12.  Mr. Crom has no personal knowledge of the alleged debt.  He simply purports to recite the contents of an unauthenticated, hearsay document (which was not even submitted to the Court as part of the Motion).[4]

As Trustee to the Debtor, Plaintiff has in her possession, custody, or control not only the Debtor's records, but also those of the Debtor's wholly owned subsidiaries like RS Lending and RS Securities.  *See De Leon v. Clorox Company*, No. 19-mc-80296-DMR, 2020 WL 4584204, at *5 (N.D. Cal. Aug. 10, 2020) ("a parent company has control of documents in the custody and possession of its wholly owned subsidiary").  Notwithstanding access to the records of both the alleged obligor and the alleged obligees under the supposed transactions, Plaintiff provides no documentation for those transactions, strongly suggesting no such documentation exists.  In light of the absence of allegations in the Complaint, reinforced by Plaintiff's inadequate attempt to "prove up" the debt, IRM certainly intends to challenge the *bona fides* of the underlying obligations, if the claim against IRM survives the Rule 12 stage.

If judgment is entered in IRM's favor based on its merits defenses (as opposed to its successor liability defenses), "then the action should be dismissed against both answering <u>and defaulting</u> defendants."  *First T.D.*, 253 F.3d at 532 (emphasis added).  It would "be incongruous and unfair to allow the Trustee to prevail against Defaulting Defendants on a legal theory rejected by the . . . court with regard to the Answering Defendant[] in the same action."  *Id.*  But if judgment were prematurely entered against the defaulting defendants, that could lead to such inconsistent judgments.

Finally, even if IRM does not prevail outright at trial, it may be able to demonstrate the debt was far less than the figures Mr. Crom divined from the general ledger.  As will be set out in the forthcoming Motion to Dismiss, RealtyShares's 2018 balance sheet shows the relevant intercompany debt to be <u>over $30 million less</u> than the sum Mr. Crom purports to calculate from

---

[4] In an inadequate attempt to invoke the business records hearsay exception, Mr. Crom declares that the "transactions were entered into RealtyShares' General Ledger in the ordinary course of its business," by "accounting personnel with knowledge at or near the time of the transaction," and that he "<u>presume[s]</u>" the ledger "to be trustworthy." Crom Decl. ¶¶ 8, 10 (emphasis added).  Mr. Crom lays no foundation in his declaration demonstrating personal knowledge supporting this testimony.  To the contrary, he admits he is speculating entirely based on his after-the-fact "examination of RealtyShares' General Ledger."

7

entries scattered across a general ledger of the same date. This possibility that "a lesser damage award against Defendant [IRM] could be inconsistent with an award entered at this time against Defendant[s RS Lending and RS Securities]" is yet another reason to deny the Motion. *Eli Lilly*, 2017 WL 1101827 at *8.

C. **The Severability of Liability as Between RS Lending and RS Securities Is Irrelevant**

Plaintiff's final argument in favor of entering default judgment against fewer than all defendants is a red herring description of the differences in liability between RS Lending and RS Securities. Plaintiff argues the Motion should be granted because "RS Lending, Inc. and RealtyShares Securities, LLC are each separately or, to use the legal parlance, 'severally,' liable for the respective sums each owes to RealtyShares, Inc." Mot. at 5:19-20.

As Plaintiff details, she has asserted three counts against RS Lending and three different counts against RS Securities. Mot. at 5:21-22. And it is true enough that the liability of RS Securities does not turn on whether RS Lending is liable, or vice versa. But the same cannot be said of Plaintiff's claims against IRM. IRM was only sued "as the [alleged] successor to the other two defendants." *Id.* at 5:22-23. Figure 1 below diagrams the relationship between the causes of action, as described by Plaintiff herself in her Motion and the Complaint.

```
┌─────────────────────────────┐         ┌─────────────────────────────┐
│ Counts 1, 3, & 5 against    │ ←────→  │ Counts 2, 4, & 6 against    │
│ RS Lending for $38.3 million│ Indep.  │ RS Securities for $19.7     │
│ it allegedly borrowed from  │ Liab.   │ million it allegedly        │
│ RealtyShares                │         │ borrowed from RealtyShares  │
└─────────────────────────────┘         └─────────────────────────────┘
           │                                          │
  Dependent Liability ↘                    ↙ Dependent Liability
                      ┌──────────────────────────────┐
                      │ Count 7 against IRM for:     │
                      │ • $38.3 million as alleged   │
                      │   successor to RS Lending    │
                      │ • $19.7 million as alleged   │
                      │   successor to RS Securities │
                      └──────────────────────────────┘
```

**Figure 1 (Mot. at 5:21-24)**

8

Plaintiff misses the point. If Plaintiff had sued only RS Lending and RS Securities, and one of them had defaulted and the other answered, then it would be relevant that those two Defendants' liabilities are independent. That is not this case, though. Here, the alleged liability of the one defendant that has not defaulted is dependent on the liability of the two Defendants in default—above and beyond the failure to properly allege a basis for successor liability. For the reasons detailed above, this creates the possibility of inconsistent judgments between IRM, on the one hand, and RS Lending and/or RS Securities, on the other. Under the *Frow* principle, the Motion should be denied.

### D. Plaintiff Improperly Set the Hearing for a Date Less Than 28 Days After the Motion Was Filed

Absent a prior order of the Court, any motion in an adversary proceeding must "be filed and served at least 28 days before the hearing date." B.L.R. 7007-1(a).[5] This is so that all other parties have two weeks to evaluate the motion and, if they oppose it, prepare an opposition brief. *See* B.L.R. 7007-1(b) (opposition briefs due 14 days before hearing). Plaintiff did not do so. Instead, Plaintiff filed the Motion on the night of February 1 with a February 18 hearing date, giving IRM arguably only three days before the opposition deadline. Plaintiff's violation of Local Rule 7007-1(a) provides an independent basis for denial of the Motion. *See* B.L.R. 9011-1.

## III. STATEMENT PURSUANT TO LOCAL RULE 7012-1

IRM does not consent to entry of a final order or judgment by the Bankruptcy Court.

## IV. CONCLUSION

Plaintiff's motion is premature. If IRM prevails on its motion to dismiss, the other Defendants might also be dismissed. If the case proceeds beyond the pleadings and IRM obtains judgment in its favor—by motion or by trial—the other Defendants might be entitled to judgment in their favor. Entry of default judgment now may result in inconsistent judgments later. Under *Frow* and its progeny, the Motion should be denied.

---

[5] While this Court's default procedures allow for service of the Notice of Hearing for a default prove-up to be served closer in time to the hearing (14 days before), those procedures do not change the requirement that the motion itself be filed 28 days in advance. *See* Practices and Procedures in Judge Montali's Court, § II.E. The Motion and the Notice of Hearing are two separate requirements, as Plaintiff acknowledged in first filing the Motion (ECF No. 16) and then separately filing the Notice of Hearing (ECF No. 17).

| | | |
|---|---|---|
| Dated: February 4, 2022 | | PROSKAUER ROSE LLP |

By: */s/ Shawn S. Ledingham, Jr.*
MICHAEL A. FIRESTEIN (SBN 110622)
  mfirestein@proskauer.com
SHAWN S. LEDINGHAM, JR. (SBN 275268)
  sledingham@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA 90067-3010
Telephone: 310-557-2900
Facsimile: 310-557-2193

*Attorneys for Defendant IIRR Management Services, LLC*